TREVOR COOK
Plaintiff Pro Se
42662 Jefferson St,
Fremont CA 94538
510-789-6223

FILED (5)

APR 17 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*JCS*

CV20    2704



TREVOR COOK,

        Plaintiff,

  vs.

CITY OF FREMONT, ERIC TANG,
KURTIS MICHAEL ROMLEY, DOES 1-10,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:

COMPLAINT AND DEMAND FOR JURY
TRIAL

## NATURE OF THE CASE

1.    Plaintiff Cook brings this civil rights action against Defendants based upon federal civil rights statutes, the U.S. Constitution, and California state tort law.

2.    Cook and his wife were watching television peaceably in their garage on the afternoon of April 19, 2018, when several Fremont police officers carried out a militaristic siege on them, approaching them with attack dogs, guns drawn, and threatening to shoot them.

3.    Cook and his wife had committed no crime and no reasonable officer could have suspected them of committing a crime. When one of the officers demanded that Cook leave his garage and walk to him at the end of his driveway, Cook refused and asked what was going on. When the officers began to approach his garage, Cook walked toward them, whereupon

COMPLAINT AND JURY DEMAND                Page 1

1    Defendant Tang slammed Cook to the ground and handcuffed him. Tang proceeded to remove

2    Cook from the driveway area where his wife was filming so he could further beat Cook.

3          4.      Tang and/or other officers then conducted a warrantless search of the Cooks'

4    backyard and home, and arrested Cook. During the beating and search, none of the Defendant

5    officers intervened or attempted to intervene to stop the beating and search.

6          5.      Cook sustained physical and emotional injuries and deprivation of his liberty for

7    approximately four hours as a result of Defendants' actions and omissions.

**JURISDICTION AND VENUE**

9          6.      The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331

10    because it alleges violations of the United States Constitution and 42 U.S.C. § 1983, and

11    therefore raises questions of federal law. Jurisdiction is also based upon 28 U.S.C. § 1343

12    because relief is sought for the deprivation of Cook's constitutional rights under color of state

13    law. Cook further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C.

14    § 1367 to hear and decide claims arising under state law.

15          7.      Intradistrict Assignment. Venue is proper in the United States District Court for

16    the Northern District of California under 28 U.S.C. § 1391(b)(2), because the events and

17    omissions giving rise to Cook's claims occurred in Alameda County, California. The case

18    should, therefore, be assigned to the San Francisco or Oakland Division pursuant to Local Rule

19    3-2(d).

**PARTIES**

21          8.      Plaintiff Trevor Cook is a resident of Fremont, California.

22          9.      Defendant City of Fremont is a public entity, duly organized and existing under

23    the laws of the State of California. Under its authority, Defendant City operates and manages the

24    Fremont Police Department and was at all relevant times relevant to this case, responsible for the

25    actions and/or inactions and the policies, procedures and practices/customs of the Fremont Police

26    Department and its respective employees and/or agents.

27         10.      Defendant Eric Tang was, at all times relevant to this action, an officer with the

28    Fremont Police Department acting under color of state law.

COMPLAINT AND JURY DEMAND                           Page 2

1    11.    Defendant Kurtis Michael Romley was, at all times relevant to this action, an

2   officer with the Fremont Police Department acting under color of state law.

3    12.    The true names and capacities of Defendants sued as Does 1 through 10 ("Doe

4   Defendants") are unknown to Cook, and Cook therefore sues these Defendants by such fictitious

5   names.  Cook will seek leave to amend this Complaint to provide their true names and capacities

6   when they are ascertained.  At all times relevant to Cook's claims, the Doe Defendants were

7   employees/agents of the City of Fremont/Fremont Police Department, acting within the course

8   and scope of that relationship, and under color of state law.

9                              **GENERAL ALLEGATIONS**

10    13.    Plaintiff Cook was watching television with his wife in his garage on the

11   afternoon of April 19, 2018.

12    14.    A couple walked by who Cook did not recognize, one of whom called his name.

13   As he looked closer, he saw that one of them was a childhood acquaintance named "Mike." Cook

14   chatted with Mike for a brief period, then Mike and the person he was with left.

15    15.    Cook went back to watching television with his wife.

16    16.    A little while later several police officers approached his driveway with police

17   dogs and with guns pointed at Cook and his wife. One of the officers demanded that Cook come

18   "here," which was the end of Cook's driveway. Cook asked what was going on, and one or more

19   officers responded that if Cook did not do as they say, the officers would shoot his wife and him.

20    17.    The officers started walking up Cook's driveway toward the garage, still with

21   their guns trained on Cook and his wife.

22    18.    Cook kept his hands up and walked toward the officers with the hope that he

23   could prevent them from getting near his wife in the garage and his teenage son who was inside

24   the home.

25    19.    Although Cook made no threatening gestures and kept his hands up, Defendant

26   Chang grabbed Cook's arm, did a leg sweep, and slammed him to the ground, causing Cook's

27   knees, shoulder, and face to hit the ground with great force. Tang handcuffed Cook behind his

28   back.

COMPLAINT AND JURY DEMAND                                            Page 3

20.     While Cook was on the ground, his wife began filming the officers' misconduct.

21.     Officer Tang lifted Cook to his feet and walked him down the block to where multiple police vehicles were parked so he would have Cook away from his wife's camera. When his wife tried to walk down her driveway to continue filming, another officer told her to go back toward the garage even though she was approximately 50 feet from where Tang had her husband and could not possibly have interfered with police operations. Cook's wife complied.

22.     Tang proceeded to beat Cook while he remained handcuffed behind his back. Tang pounded on Cook's body with open palms all over his body, including striking Cook directly in his testicles.

23.     Tang then put Cook in the back of a police vehicle for almost two hours.

24.     While Tang was pointing his weapon at Cook, threatening to kill him, and beating him in the driveway and by the police vehicle, Defendant Romley and Doe Defendants were close by, armed, and providing back up. One or more of the other officers also had his gun drawn and pointed at Cook's wife.

25.     Romley and the Doe Defendants were integral participants in the excessive use of force and at no time did Romley or the Does intervene or attempt to intervene to stop the excessive use of force.

26.     While Cook remained in the back of the police vehicle, Chang and Romley tried to explain to Cook's wife why they were there. They told her they believed Mike, the person Cook had spoken to briefly, had stolen a car. Tang said they did not believe Mike was violent, just that he liked to steal things.

27.     Tang also said he was "thinking about whether to arrest Cook."

28.     Doe officers proceeded to search the Cook family's backyard and home without a warrant and without consent.

29.     During the unlawful search, Defendants Tang, Romley and Does either participated and/or were close by, armed, and providing back up. Defendants Tang, Romley and Does were integral participants in the unlawful search and at no time did any of them intervene or attempt to intervene to stop the search.

COMPLAINT AND JURY DEMAND                                                      Page 4

30.     Tang proceeded to take Cook to the Fremont police station and detain him for approximately two additional hours, for a total of approximately four hours on unlawful detention.

31.     Cook timely and properly filed a claim pursuant to California Government Code § 910 *et seq.* He mailed his notice of claim to the City of Fremont on October 11, 2018, and the City mailed its rejection of the claim on October 18, 2018.  This action is timely filed within all applicable statutes of limitation.

**COUNT ONE: 42 U.S.C. § 1983**
**UNREASONABLE SEIZURE – FOURTH AMENDMENT**
**AGAINST TANG, ROMLEY, AND DOE DEFENDANTS**

32.     Based upon the foregoing, Defendants used excessive force against Cook, causing him physical and emotional injuries, and depriving him of his liberty.

33.     Defendants' actions and failure to intervene were the moving force behind Cook's injuries.

34.     Cook is entitled to recover damages for Defendants' actions and omissions.

**COUNT TWO: 42 U.S.C. § 1983**
**UNREASONABLE SEARCH – FOURTH AMENDMENT**

**AGAINST TANG, ROMLEY, AND DOE DEFENDANTS**

35.     Based upon the foregoing, Defendants conducted a warrantless, unlawful search of Cook's home.

36.     Defendants' actions and failure to intervene were the moving force behind Cook's constitutional injuries sustained by that search.

37.     Cook is entitled to recover damages for Defendants' actions and omissions.

**COUNT THREE: 42 U.S.C. § 1983**
**UNREASONABLE SEARCH & SEIZURE – FOURTH AMENDMENT**
**AGAINST CITY OF FREMONT**

38.     Upon information and belief, Cook alleges that the use of force and search of Cook's home by Tang, Romley, and Doe Defendants were pursuant to the following customs, policies, practices, and/or procedures of the FPD, which were allowed, directed, encouraged

COMPLAINT AND JURY DEMAND                                                          Page 5

and/or ratified by policy making officials for the City oF Fremont. Such actions and omissions include:

   a.  Failing to institute, maintain, or administer sufficient training on subjects such as seizures/use of force against citizens and warrantless searches of persons and homes; and/or

   b.  Failing to supervise or discipline officers for misconduct that results in the violation of citizens' civil rights; and/or.

   c.  Failing to have or enforce appropriate policies, procedures, and training to prevent, stop, or correct unconstitutional conduct, customs, and procedures, when the need to do so was obvious; and/or,

39.     The above described customs, policies, practices and/or procedures of the FPD were a moving force and/or a proximate cause of the deprivations of Cook's constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above in Counts One and Two.

## COUNT FOUR: VIOLATION OF CALIFORNIA CIVIL CODE § 52.1
## AGAINST ALL DEFENDANTS

40.     Tang, Romley, and Doe Defendants, acting in alone or in concert, intentionally interfered with, or attempted to interfere with, Cook's civil rights by threats, intimidation, or coercion.

41.     Tang, Romley, and Doe Defendants made threats of violence and committed acts of violence against Cook, causing him physical and emotional injuries.

42.     Defendants also interfered with, attempted to interfere with, and violated Cook's rights as follows:

   a.  The Fourth Amendment right to protection from excessive force and unreasonable searches at the hands of police officers;

   b.  The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

43.     The threats, intimidation, and coercion described in this Complaint were not necessary or inherent to Defendants' violation of Cook's rights, or to any legitimate police activity.

COMPLAINT AND JURY DEMAND                           Page 6

44.     Further, in the alternative or concurrently, Defendants' violations of duties and rights and coercive conduct were volitional acts; not accidental or merely negligent.

45.     As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Cook's rights under the United States and California Constitutions and law, Cook sustained injuries and damages for which he is entitled to compensation.

**COUNT FIVE: STATE TORT OF NEGLIGENCE**
**AGAINST ALL DEFENDANTS**

46.     In the alternative to Defendants intentional acts, Defendants' breached their duty of using ordinary care in their dealings with Cook.

47.     Defendants breached their duties, as described above.

48.     Cook is entitled to recover damages for Defendants' actions and omissions.

**COUNT SIX: NTENTIONAL INFLICTION OF**
**EMOTIONAL DISTRESS**
**AGAINST ALL DEFENDANTS**

49.     Defendants' conduct caused Cook to suffer severe emotional distress.

50.     Defendants' conduct was and is outrageous.

51.     Defendants intended to cause Cook emotional distress, or they acted with reckless disregard of the probability that Cook would suffer such distress, knowing that Cook was present when the conduct occurred.

52.     Cook suffered and is suffering severe emotional distress.

53.     Defendants' conduct was and is a substantial factor in causing Cook's severe emotional distress.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Cook demands the following relief against each and every Defendant, jointly and severally:

   a.   Compensatory and exemplary damages in an amount determined by the jury;

   b.   Attorneys' fees as provided by law;

   c.   Costs of court and other expenses as provided by law;

   d.   Such other and further relief in favor of Plaintiff as is just and proper.

COMPLAINT AND JURY DEMAND                                          Page 7

1

## JURY DEMAND

2      Plaintiff demands a trial by jury on all issues so triable.

3

4                                    Respectfully Submitted,

5

6                                    TREVOR COOK
                                     Pro Se Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT AND JURY DEMAND                                    Page 8

FILED

APR 17 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TREVOR COOK,

        Plaintiff,

v.

CITY OF FREMONT,

        Defendant.

Case No. 20-cv-02704-JCS

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Joseph C. Spero . When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Plaintiffs or removing parties must file a consent or declination to proceed before a magistrate judge within 14 days of the filing of the complaint or the removal. All other parties must file a consent or declination within 14 days of appearing in the case. All parties who have made an appearance must file a consent or declination within 7 days of the filing of a dispositive motion or the case will be reassigned to a district court judge. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at http://www.cand.uscourts.gov/adr. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties

the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California", additional copies of which can be downloaded from the court's Internet website: http://www.cand.uscourts.gov.

| CASE SCHEDULE – ADR MULTI-OPTION PROGRAM | | |
|---|---|---|
| **Date** | **Event** | **Governing Rule** |
| 4/17/2020 | Complaint Filed | |
| 6/26/2020 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R . 16-8(b) & ADR L.R. 3-5(b) |
| 7/10/2020 | **Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per Standing Order re Contents of Joint Case Management Statement<br><br>(also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil  L.R . 16-9 |
| 7/17/2020 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) at 2:00 PM in:<br><br>Courtroom F,15th Floor<br>Phillip Burton Federal Building<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | Civil L.R . 16-10 |

* If the Initial Case Management Conference is continued, unless otherwise ordered this deadline is continued to 21 days in advance of the Initial Case Management Conference.

** If the Initial Case Management Conference is continued, unless otherwise ordered this deadline is continued to 7 days in advance of the Initial Case Management Conference.

2

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**CIVIL STANDING ORDERS FOR MAGISTRATE JUDGE JOSEPH C. SPERO**

(Revised March 4, 2019)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions.

**A.   SCHEDULING HEARINGS AND CONFERENCES**

1.   Civil Law and Motion is heard on Fridays at 9:30 a.m., except that when Judge Spero is on criminal duty, Civil Law and Motion is heard on Fridays at 2:00 p.m. Counsel should notice civil motions for hearing in accordance with the Civil Local Rules and need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

2.   Criminal Law and Motion is heard on Fridays at 10:30 a.m.

3.   Case Management Conferences and Pretrial Conference are heard on Fridays at 2:00 p.m. Case Management Conferences are not recorded unless at least one party in the case is appearing pro se or counsel makes a specific request at the commencement of the Case Management Conference that it be recorded.

4.   Requests to appear telephonically at a case management conference or hearing must be filed and served one week before the conference in accordance with Civil L.R. 16-10(a).

5.   Parties should address all questions regarding scheduling to Judge Spero's courtroom deputy, Karen Hom, at (415) 522-2035.

**B.   CONSENT**

6.   In cases that are randomly assigned to Judge Spero for all purposes, a Consent or Declination to Magistrate Judge Jurisdiction form will be mailed to all parties. The parties are requested, within two weeks from receipt of the form, to complete and file the form indicating their consent or request for reassignment to a District Judge.

**C.   CHAMBERS COPIES**

7.   While Civil Local Rule 5-1(b) requires parties to lodge an extra paper copy of any filing and mark it as a copy for "Chambers," Judge Spero requires that parties submit Chambers Copies only of the following documents: (1) Case Management Conference Statements; and (2) documents that are related to a pending motion and/or discovery dispute. The parties do not need to submit Chambers Copies for stipulations, pro hac vice applications, and similar non-motion filings.

8. All chambers copies should be double-sided (when possible), three-hole punched along the left side of the page and should bear the ECF filing "stamp" (case number, docket number, date, and ECF page number) along the top of the page. Parties with access to a large-gauge (13/32-inch) hole punch are encouraged to use that instead of a standard 1/4-inch or 5/16-inch hole punch. All exhibits shall be clearly delineated and should be assembled, in order, with the declaration to which they correspond. Exhibits must be separated by cover sheets *and* exhibit tabs. If the filing is more than two inches thick, the parties shall place the chambers copy in a binder. Otherwise, chambers copies may be secured with binder clips or some other removable fastener but should not be stapled.

9. If documents are filed partially under seal, chambers copies of redacted documents should not be provided. Rather, any document that contains sealed material or material that a party has requested leave to file under seal should be provided to chambers only in its unredacted form. Where both sealed and unsealed exhibits are offered in support of a motion, the exhibits should be fully assembled with all exhibits unredacted. However, chambers copies of any sealed documents must be clearly marked as such and must clearly delineate the portions that are confidential (via highlighting).

10. When a party files an administrative motion for leave to file under seal, it should provide Chambers Copies only of unredacted material, assembled as a single set of documents. Chambers copies of any sealed documents should be clearly marked as documents that are sealed or sought to be filed under seal and should clearly delineate the portions that are confidential (via highlighting).

11. In a case subject to electronic filing, Chambers Copies must be submitted by the close of the next court day following the day the papers are filed electronically. The Chambers Copies shall be marked "Chambers Copy" and submitted to the Clerk's Office, in an envelope marked with "Magistrate Judge Spero," the case number, and "Chambers Copy."

12. Any proposed stipulation or proposed order in a case subject to electronic filing shall be sent by mail to jcspo@cand.uscourts.gov. This address is to be used only for proposed orders unless otherwise directed by the Court.

D.    SETTLEMENT CONFERENCE STATEMENTS

13. Settlement Conference Statements must be LODGED with Chambers (NOT electronically filed).

14. In addition to providing Chambers with a hard copy of the Settlement Conference Statement, each party shall also submit the Settlement Conference Statement in .pdf format via email to JCSsettlement@cand.uscourts.gov.

E.    DISCOVERY DISPUTES

15. In lieu of filing formal discovery motions, lead trial counsel for the parties involved in the discovery dispute shall meet and confer in person regarding the subject matter of the dispute(s) in an effort to resolve these matters. After attempting other means to confer on the issue (i.e. letter,

phone call, e-mail) any party may demand such a meeting on five business days' notice. The location of the meeting will alternate with the first location selected by counsel for Plaintiff, the second by counsel for Defendant, etc. Within five business days of the lead trial counsels' meet-and-confer session, the parties shall provide a detailed Joint Letter to the Court, not to exceed five pages without leave of Court. This Joint Letter shall include a description of every issue in dispute and, with respect to each such issue, a detailed summary of each party's final substantive position and their final proposed compromise on each issue. Upon receipt of the Joint Letter the Court will determine what future proceedings are necessary.

16. As soon as a party has notice of this order, the party shall take such affirmative steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voice mails, and other electronically recorded material to the extent necessary to preserve information relevant to the issues presented by this action.

17. In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

18. In searching for responsive materials in connection with Fed. R. Civ. P. 34 requests or for materials required to be disclosed under Fed. R. Civ. P. 26(a)(1), parties must search computerized files, emails, voice mails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

19. To the maximum extent feasible, all party files and record should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

20. Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made.

21. Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. See Fed. R. Civ. P. 26(b)(5). No generalized claims of privilege or work product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication. (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication, (c) the date of the communication, and

3

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(d) the subject matter of the communication. Failure to furnish this information at the time of the assertion will be deemed a waiver of the privilege or protection.

## F.   DEPOSITIONS

22.  Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached as to any party deponent or a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition. The party seeking such a deposition may notice it at least thirty days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten days of receipt of the notice, the deponent or counsel form the deponent must reply and counter-propose in writing an alternative date and place falling within thirty days of the date noticed by the party seeking the deposition.

23.  Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged. Private conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

## G.   PRONOUNS

24. Attorneys or parties appearing before Judge Spero may notify the Court of their pronoun preferences.

## H.   SANCTIONS

25.  Failure to comply with this Order of the Local Rules of this Court may result in sanctions. See Fed. R. Civ. P. 16(f), Civil L.R. 1-4.

Dated: March 4, 2019

JOSEPH C. SPERO
Chief Magistrate Judge

4

# STANDING ORDER FOR ALL JUDGES
## OF THE NORTHERN DISTRICT OF CALIFORNIA
### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.  Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.  Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.  Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.  Motions: All prior and pending motions, their current status, and any anticipated motions.

5.  Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.  Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7.  Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8.  Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9.  Class Actions: If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes ___ No

14. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. <u>Expedited Trial Procedure</u>: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

20. <u>Professional Conduct</u>: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.